**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| MIA TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:26-CV-00073-W-FJG |
| | ) | |
| KEVIN McCLANANHAN, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Currently pending before the Court is plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. # 1). Pursuant to 28 U.S.C. § 1915(a)(1), this Court may authorize the commencement or prosecution of any suit without prepayment of fees when an applicant files an affidavit stating that he is unable to pay the costs of the lawsuit.

In Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982), the court noted:

> There is a two step process to be followed by the district court in considering whether a pro se plaintiff should be permitted to proceed in forma pauperis. First, a determination of whether the plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is, under § 1915([e]), frivolous or malicious and, if so, to dismiss the complaint.

The district court must exercise its discretion in determining whether an applicant is sufficiently impoverished to qualify under § 1915. Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983), cert. denied, 466 U.S. 980 (1984). Such showing of poverty is sufficient if the applicant would become completely destitute or be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339, 69 S.Ct. 85, 93 L.Ed. 43 (1948); Local Rule 83.7(a) (2010).

Plaintiff submitted an in forma pauperis application stating that she is unemployed and has $50.00 cash on hand. She indicates that she does not own any automobiles, real estate, stocks, bonds or other items of value. As to monthly expenses, plaintiff states that she has a $400 monthly grocery expense; $200 monthly utility expense and a $150 monthly transportation expense. Based on the financial information plaintiff provided, the Court finds that plaintiff is sufficiently impoverished to qualify for in forma pauperis status. The Court will next examine plaintiff's Complaint.

Plaintiff's Complaint contains only three sentences: "1. Defendant on numerous occasions had ex parte communication; 2. Defendant should be subjected to impeachment; 3. Plaintiff demands $100,000." (Doc. 1-1).

> Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Perez v. Open Door Mission Lydia House, No. 8:20CV430, 2020 WL 6204386, at *1 (D. Neb. Oct. 22, 2020). In Perez, plaintiff left blank the space on the form which requested a statement of the claim, a description of her injuries and defendant's involvement in causing her harm. The Court in that case dismissed plaintiff's Complaint as frivolous. The Court did not allow plaintiff an opportunity to amend, finding that it would be futile. Similarly, in the instant case the Court also finds that plaintiff has alleged no facts which might support a legal claim. The Court notes that plaintiff filed very similar complaints in at least six other federal courts across the country at the same time that she filed the instant action. Accordingly, the Court finds that plaintiff's Complaint fails to state a claim upon which relief might be granted and dismisses plaintiff's Complaint as frivolous.

Accordingly, for the reasons stated above, the Court hereby **GRANTS** plaintiff's application for leave to file this civil action in forma pauperis (Doc. # 1) and **DISMISSES** plaintiff's Complaint with prejudice. The Clerk is directed to mail a copy of this Order to plaintiff at the following address: Mia Tucker, 15 Adams Street, Chicago, IL 60609.

Date: February 9, 2026
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge